IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JABREEKA MITCHELL a/k/a | § | |
| JABREEKA JEFFERSON | § | |
| | § | |
| V. | § | No. 5:18CV21-JRG-CMC |
| | § | |
| VETRANO JEFFERSON, DEMETRA | § | |
| WYSINGER, ROSIE JEFFERSON, | § | |
| AND ROSELYN JEFFERSON | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On February 21, 2018, the Magistrate Judge *sua sponte* entered a Report and Recommendation, recommending the above case be remanded to the County Court at Law of Bowie County, Texas. (Dkt. No. 7). The February 21, 2018 Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Defendants Vetrano Jefferson, Roselyn Jefferson, Rosie Jefferson, and Demetra Wysinger, proceeding *pro se*, filed objections to the Report and Recommendation. The Court has conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

**State Court action**

On November 3, 2016, Jabreeka Mitchell Jefferson filed an Application for Independent Administration and Letters of Administration Pursuant to Section 401.003 of the Texas Estate Code ("the Application"). *See In the Matter of the Estate of Howard Jefferson, Jr.,* Case No. 41896CCL (Dkt. No. 1-4). Over one year later, four alleged heirs, proceeding *pro se*, removed the case to this

Court.¹ The Court provides the following background from the February 7, 2018 Notice of Removal and attachments thereto.

According to Jabreeka Mitchell Jefferson's Application in the County Court at Law of Bowie County, Texas ("Bowie County Court at Law"), Howard Jefferson, Jr. ("decedent") died intestate on May 7, 2016, as a result of a fatal accident at the age of 61 years while residing in Bowie County, Texas. *Id.* at 1. The Application lists Roselyn Jefferson as the adult daughter of decedent and Jabreeka Mitchell Jefferson as the decedent's wife. *Id*. at 2.

On April 3, 2017, the decedent's mother, Rosie Mae Jefferson; his daughter, Roselyn Jefferson; his sister, Demetra Wysinger; and his brother, Vetrano Jefferson (herein "removing heirs") filed in the Bowie County Court at Law a Motion to Contest the Application to Probate Estate of Howard Jefferson, Jr., Deceased in Bowie County, Texas. (Dkt. No.1-5 at 1). On January 31, 2018, Demetra Wysinger filed an Affidavit of Facts in the Bowie County Court at Law. (Dkt. No. 1-6 at 3-8). In the Affidavit of Facts Concerning the Identity of Heirs, Demetra Wysinger states she currently lives in Dallas, Texas, but her permanent mailing address is in Texarkana, Arkansas. (Dkt. No. 1-6 at 6).

Demetra Wysinger also filed in the County Court at Law a Motion to Vacate Void Orders on January 31, 2018, asserting Demetra Wysinger, Roselyn Jefferson, and Rosie Jefferson were not properly served notice of a January 10, 2018 hearing. (Dkt. No. 1-6 at 9-12). On February 1, 2018, Vetrano Jefferson filed an Affidavit in the Bowie County Court at Law, indicating he lives in

---

¹ The removing heirs attached to their Notice of Removal a February 7, 2018 letter from attorney W. Kelvin Wyrick, indicating he had withdrawn as their attorney in the probate case in the County Court at Law and that he gave his approval for the removing heirs "to move the case from the County court at Law to the United States Eastern District Court, due to Demetra Wysinger being pro se." (Dkt. No. 1-12).

Texarkana, Texas. (Dkt. No. 1-7 at 1-3). On February 6, 2018, Demetra Wysinger, Roselyn Jefferson, Rosie Jefferson, and Vetrano Jefferson filed an Application for Independent Administration and Letters of Administration and Response to Jabreeka Mitchell's Application Along with Challenge of Jurisdiction of the Court to Hear Arkansas Probate Matter. (Dkt. No. 1-7 at 5-17). Demetra Wysinger again provided an address in Dallas, Texas and listed Vetrano Jefferson's address in Texarkana, Texas. *Id.* at 5.

On February 6, 2018, Demetra Wysinger, as spokesperson for the removing heirs, filed an Affidavit in the Bowie County Court at Law, asserting they missed the January 10, 2018 court date because they were not served notice of the proceedings. (Dkt. No. 1-10 at 1-2). Demetra Wysinger again stated she resided in Dallas, Texas with a permanent mailing address in Texarkana, Arkansas. The removing heirs asserted the Bowie County Court at Law lacked jurisdiction to hear the case, that fraud had been brought upon the court, and that their due process rights had been violated. *Id.*

**Notice of Removal**

On February 7, 2018, Demetra Wysinger, Rosie Jefferson, Roselyn Jefferson, and Vetrano Jefferson filed the Notice of Removal.[2] In the Notice of Removal, the removing heirs assert formal determination of property rights are at issue "and must be adjudicated as a condition precedent to a determination under the state case referenced." (Dkt. No. 1 at 1). The removing heirs state they

---

[2] The day after removal, Vetrano Jefferson filed a Motion to Dismiss Himself as Defendant in the Notice of Removal to Federal Case No. 5:18cv21 (Dkt. No. 6). According to the motion, "Defendant, although an heir to decedent [sic], has no real reason other than as a[n] extra family support and witness to all that has transpired in this matter; thus, he motions to remove himself from this case of action." *Id.* at 1. Because the Magistrate Judge found the Court lacks jurisdiction over this improperly removed case, she did not address Vetrano Jefferson's subsequently-filed motion to dismiss.

intend to "litigate the issue of the legality of the controversy on federal issues/questions," the taking of real property without due process and the violation of federal rules and laws. *Id*. at 1-2. The removing heirs assert they have and will continue to be damaged and injured by actions brought by Jabreeka Mitchell Jefferson's application for probate and the Bowie County Court at Law's wrongful conduct in issuing a void order, "which threaten forcible seizure in violation of the 14th amendment rights irrevocably causing damage." *Id.* at 4.

The removing heirs request the Court temporarily restrain the Dependant Administrator appointed illegally and acting under "a voided order from acting upon the void order rendered by the lower court. . . ." *Id.* at 4. The removing heirs further claim fraud upon the court by the officer of the court who represented them in the Bowie County Court at Law case. *Id.* According to the removing heirs, their former attorney "filed an Application to contest rather than a notice of removal to proper venue" which is what they thought he was going to do. *Id.* at 5. The removing heirs further assert the attorney missed a court date "due to no notification." *Id*. They request that "after hearing on a temporary restraining order that Jabreeka Mitchell and/or her agents and the lower court be enjoined from prosecuting any continuance of a forcible seizure on the subject property pending a trial on the merits of this case, or that this case be dismissed for lack of jurisdiction and ordered filed in its proper venue in the State of Arkansas where the decedent resided." *Id.*

The removing heirs further assert there is diversity jurisdiction. *Id*. at 2. Specifically, the removing heirs contend they are citizens of Arkansas and Jabreeka Mitchell Jefferson is a citizen of Texas. *Id*. at 3.

## REPORT AND RECOMMENDATION

On February 21, 2018, the Magistrate Judge *sua sponte* issued a Report and

Recommendation, recommending the above case be remanded to the Bowie County Court at Law. The Magistrate Judge noted federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's well-pleaded "complaint." (Dkt. No. 7 at 6)(quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)). According to the Magistrate Judge, the Court considers only the removed pleading, here being the Application. The Magistrate Judge found the removing heirs' alleged constitutional claims that arise under federal law are outside the Application filed in the Bowie County Court at Law and could not be considered in determining whether federal question jurisdiction exists. *See Wells Fargo Bank NA v. Agnew*, No. 3:14-CV-1646-L, 2014 WL 2158420, at *3–4 (N.D. Tex. May 23, 2014).

The Magistrate Judge further found the removing heirs could not establish the Court has diversity jurisdiction over this case. Among other things, the Magistrate Judge noted complete diversity of citizenship is lacking. (Dkt. No. 7 at 8, n. 4). Specifically, two of the complaining heirs, Demetra Wysinger and Vetrano Jefferson (who has moved for dismissal) are citizens of Texas, and Jabreeka Mitchell Jefferson, the applicant, is also a citizen of Texas.[3]

Importantly, regardless of whether it is alleged there is federal question or diversity jurisdiction, the Magistrate Judge found the probate exception requires remand in this instance. The Magistrate Judge noted a federal court has no jurisdiction to probate a will or administer an estate or to interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court. (Dkt. No. 7 at 7). She then noted that is exactly what the removing heirs seek to do in this case. *Id*. The Magistrate Judge found the Application filed by

---

[3] The Clerk of the Court styled the case to reflect Jabreeka Mitchell Jefferson as the plaintiff and the removing heirs as the defendants.

Jabreeka Mitchell Jefferson is subject to ongoing probate proceedings, and the dispute concerns property within the custody of a state court.

According to the Magistrate Judge, allowing the removing heirs' action to move forward would affect the possession of property in the custody of a state court. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006). Because "the probate exception reserves to state probate courts the probate . . . of a will and the administration of a decedent's estate" and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court," *id*. at 311-12, the probate exception thus provides a "mandatory basis" for remand. *Benson v. Benson*, No. 5:15-CV-202-DAE, 2015 WL 3622335, at *8 (W.D. Tex. June 9, 2015). Thus, pursuant to the probate exception, the Magistrate Judge concluded the Court has no jurisdiction over this removed case.

## **OBJECTIONS**

In their 16-page objections to the Report and Recommendation, the removing heirs first assert this is not a case where the probate exception deprives the federal court of jurisdiction "because although the dispute will be classified as estate property, it is not property in the possession of the Texas state court from which this case was removed and if it were in the proper state venue of Arkansas an affidavit for small estate would be all [that is] needed to allow for an agreed disbursement by the heirs and custody of property in Arkansas state court would not be a necessity." (Dkt. No. 14 at 1). The removing heirs contend none of the decedent's property is within the state of Texas. According to the removing heirs, if Texas state court has acquired any properties it would have been by illegal void orders because Texas lacked jurisdiction. *Id.* The removing heirs assert they need this federal court to "settle the controversy which has arisen as to whether the Texas court is violating the[ir] constitutional rights . . . by attempting to seize possession of their inheritance

6

property rights under void jurisdiction, and in direct violation of the state rules of Texas and U.S. constitution." *Id.* at 2.

The removing heirs state the decedent died intestate "so they are not asking the federal court to probate a will nor [are they] asking the court to administer the estate; however, [they] do ask that the court based on verifiable evidence presented and due to fast approaching statute [sic] of limitations date of May 7th . . . for the filing [of] wrongful death negligence suit being that the . . . parties are diversified and claiming that jurisdiction belongs in the [removing heirs'] state of Arkansas while Texas is claiming a void jurisdiction, asks the jurisdictional controversy be resolved under federal jurisdiction and that this court appoint[] the [removing heirs'] nominee, Demetra Wysinger as the Administrator of the estate in the interest of justice and fair play so that the affairs of the estate may be settled." *Id*. Alternatively, the removing heirs ask the Court to either dismiss "the case altogether or transfer [sic] it to the proper venue of Arkansas since that state is the true domicile of the deceased. . . rather than remand to a court whose jurisdiction is void." *Id.* The removing heirs also request the Court rule on their Motion for Relief of Void Judgment and Orders filed in the Bowie County Court at Law prior to removal.

The removing heirs state they have not attempted to manufacture federal question jurisdiction. Rather, they have asserted they have not received due process under federal law. *Id*. at 3. Specifically, the removing heirs assert there "is a question as to if the Plaintiff applicant Jabreeka is entitled to relief and it is based on the federal question as to whether Plaintiff is entitled to claim property rights belonging to Rosie and Rosie Jefferson under Arkansas property rights of inheritance while violating the [removing heirs'] rights to be heard in such controversy and denying the [removing heirs'] due process rights to be heard." *Id*. at 5. According to the removing heirs,

7

although this Court does not have jurisdiction to probate a will or administer an estate, "it does have the power to ensure that the [removing heirs'] rights are not being violated and deprived of enjoyment as assured by the constitution by the Plaintiff and the county court in question." *Id*. at 6.

The removing heirs state they have raised violations of their rights as secured by the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. *Id*. at 8. The removing heirs argue the controversy before the Court does not interfere with the Texas probate process nor place the Court in the position of distributing probate property in the custody of the state because all of the decedent's property is situated in the state of Arkansas in possession of the removing heirs and "Texas never had jurisdiction to hear this matter so all its judgments and orders are void for lack of any jurisdiction and fraud on the court." *Id*.

The removing heirs further assert there is complete diversity of citizenship between the parties. According to the removing heirs, "Wysinger only admitted that she was residing in Dallas at the time of the filing of the Notice of [R]emoval so as to have the answer of the court to the pauper's applications come there. The following . . . 2 weeks she was residing in Arkansas because she is back and forth between the two residences, she said Arkansas was her permanent mailing address because Arkansas is her permanent domicile which is her fixed place of intent to come back home to." *Id.* at 5. Wysinger explains she resides at dual residences but "her fixed place is Arkansas." *Id*.

## **RESPONSE TO THE OBJECTIONS**

Jabreeka Mitchell Jefferson ("Applicant") filed a response to the objections and provided the following background. The decedent died intestate on May 7, 2016, as a result of a fatal accident occurring on New Boston Road, Texarkana, Texas, while residing in Bowie County, Texas, at the

age of 61 years. The decedent's domicile at the time of his death was Bowie County, Texas. Applicant is the decedent's surviving spouse.

On November 3, 2016, Applicant filed an Application for Independent Administration and Letters of Administration Pursuant to Section 401.003 of the Texas Estate Code in the Probate Court of Bowie County, Texas. Notice was provided pursuant to law. Demetra Wysinger both called and emailed with Flint & Soyars, Applicant's counsel, on November 14, 2016.

A hearing was held on November 15, 2016, with Applicant and Reginald Davis appearing to provide testimony as to the decedent's residence. Also appearing in person at the hearing were Demetra Wysinger, Rosie Mae Jefferson, and Roselyn Jefferson. Demetra Wysinger testified at the hearing. At the hearing, Applicant and the removing heirs were informed the case would be transferred to the Bowie County Court at Law. Demetra Wysinger was informed she would need to retain an attorney for anyone opposing and file appropriate paperwork. On November 15, 2016, an Order Transferring Case to the Bowie County Court at Law was entered.

Over two months passed, and Applicant had no contact from Demetra Wysinger, Rosie Jefferson, or Roselyn Jefferson. No pleadings were filed to oppose the probate proceeding.

An Order Setting Hearing was filed February 8, 2017, with notice of a hearing set for March 22, 2017. Notice was provided pursuant to law, being sent Certified Mail, Return Receipt Requested on February 9, 2017, to Roselyn Jefferson, c/o Demetra Wysinger, 3700 Reese Drive, Dallas, TX 75230, and receipt indicates Wysinger signed for the document.

A hearing was held on March 22, 2017, and the Attorney Ad Litem appeared and provided a Report (such Report being filed of record on March 21, 2017). Applicant and Morris Heard appeared in person and provided testimony that all three resided in an apartment in Bowie County,

Texas, with the decedent for approximately seven years, both before and at the time of his death. Also appearing in person at that hearing were Demetra Wysinger, Roselyn Jefferson, Rosie Jefferson, and Vetrano Jefferson. The court took the case under advisement. An Order on Attorney Ad Litem Fees was entered March 24, 2017, indicating the allowed fee of $400.00 would be paid by Progressive Insurance.

Prior to an order being entered from the March 22, 2017 hearing, on April 3, 2017, a Motion to Contest the Application of Probate Estate of Howard Jefferson, Jr., Deceased in Bowie County was filed by counsel for the removing heirs. Over six months passed with no hearing being set. On October 11, 2017, Applicant sent a letter to Judge Addison requesting that a hearing be set. On November 17, 2017, an Order Setting Hearing was entered setting a hearing for January 10, 2018.

A hearing was held on January 10, 2018, with Applicant, Morris Heard, and Brandon Barry appearing in person and providing testimony the decedent resided at an apartment in Bowie County, Texas, both before and at the time of his death. Applicant and Morris Heard testified again they resided in the apartment with the decedent. Brandon Barry, the apartment manager at the Texas apartment, testified that although the decedent was not listed on the lease, he did reside in the apartment with Applicant and Morris Heard. Additional witnesses that confirmed the decedent's residence were Pastor Allison Dunston and Bishop William Cooper (the pastor that married the couple and consistently picked them up for church activities at the Texas apartment).

An Order Appointing Dependent Administrator was entered on January 24, 2018. Such order provides all parties had been duly and legally served with citation, that "this Court has jurisdiction of the subject matter and all persons and parties" and that the domicile of the decedent was in Bowie County, Texas. The order further held that "based on the domicile of the Decedent, Howard

Jefferson, Jr., the Application for Administration of the estate is properly before this Court." The court further ordered dependent administration was appropriate and was granted, that Randy Moore be appointed Administrator and that all funds of the Estate be deposited into the registry of the court. The Oath of Randy Moore was filed on January 25, 2018, as well as an Inventory, Appraisement and List of Claims. Letters of Administration were issued to Randy Moore on January 25, 2018.

Demetra Wysinger, without an attorney's license and appearing for Roselyn Jefferson and Rosie Jefferson, filed in state court a Motion to Vacate Void Orders Rule 60(b)(4) on January 31, 2018 and an Amended Motion to Vacate on February 6, 2018. She then filed the Notice of Removal on February 7, 2018.[4]

According to Applicant's response to the removing heirs' objections, there is no federal question arising under the Constitution, laws or treaties of the United States. Rather, this is a probate action in which the Bowie County Court at Law has entered an order that it has jurisdiction of the subject matter and all persons and parties. Further, the Bowie County Court at Law entered an order indicating that all parties had been duly and legally served with citation.[5] Applicant asserts exercise of jurisdiction over this case would disturb or affect the possession of property in the custody of state court and would violate the state court's order that it has jurisdiction of the subject matter and all persons and parties.

---

[4] Applicant contends Demetra Wysinger, Rosie Jefferson, and Vetrano Jefferson are not real parties in interest as required by Federal Rule of Civil Procedure Rule 17. Further, Demetra Wysinger is not a proper representative for Rosie Jefferson or Roselyn Jefferson pursuant to Federal Rule of Civil Procedure Rule 17.

[5] Applicant represents Demetra Wysinger, Roselyn Jefferson, and Rosie Jefferson appeared at two of the three hearings that have occurred in the state court probate case, and Vetrano Jefferson appeared at one of the three hearings.

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. [A court] must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Because removal jurisdiction implicates federalism concerns, all ambiguities must be construed in favor of remand. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. In other words, every plaintiff must be diverse from every defendant. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). To determine whether jurisdiction is present, the court considers the claims in the state court petition as they existed at the time of removal. *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 637 (5th Cir. 2014) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

## *DE NOVO* REVIEW

**The removing heirs' objections**

In general, any case that could have originally been brought in federal court can be removed. 28 U.S.C. § 1441(a). However, as discussed by the Magistrate Judge, the judicially created probate exception to federal jurisdiction precludes federal courts from probating a will or administering an estate or controlling the property in custody of the state court. (Dkt. No. 7 at 7). According to the Magistrate Judge, regardless of whether it is alleged there is federal question or diversity jurisdiction, the probate exception requires remand in this instance.

In their objections, the removing heirs acknowledge this Court does not have jurisdiction to probate a will or administer an estate or to exercise control over "property within the custody of a state court." (Dkt. No. 14 at 2, 6). However, the removing heirs argue there is no need for remand based on the probate exception. According to the removing heirs, the decedent died intestate so they are not asking the Court to probate a will. *Id*. at 2. The removing heirs further assert as follows:

> The core issue of the controversy which value exceeds $75,000.00 is NOT an issue of the disbursement of probate property of the state county court or a causing [of] the district court to interfere in a matter of which the Texas probate court has exclusive jurisdiction but is rather a core issue of a state court and it's officers acting under color of law as being a probate court by carrying out administrative acts it and they are not authorized by Texas law or federal law to carry out in direct violation of the defendants' constitutional rights.

*Id*. at 3. The removing heirs argue this Court has "the power to ensure" their federal constitutional rights are not being violated. *Id*. at 6.

Not only do the removing heirs assert the Court has federal question jurisdiction, but they also assert this Court has diversity jurisdiction over this probate matter. According to the removing heirs, "Vetrano is formal and not [a] real party of interest who motioned to be [d]ismissed within 24

13

hours of removing the case and Wysinger is a citizen of the state of Arkansas." *Id.* The Court first considers the removing heirs' arguments regarding federal question jurisdiction over this removed probate matter.

### *Whether there is federal question jurisdiction over this probate matter*

The removing heirs maintain this case involves a federal question. Specifically, they claim the Bowie County Court at Law violated their due process rights under the Fourteenth Amendment, among other things. Notwithstanding the application of the probate exception (discussed more fully below), the removing heirs have not shown the Court would have federal question jurisdiction over this case. The Court finds *Gromer v. Mack*, 799 F.Supp.2d 704 (N.D. Tex. 2011) instructive.

In that case, the plaintiff Gromer and the defendant Mack were daughters of Stokley, who was incapacitated. Gromer and Mack became involved in a guardianship dispute over Stokley when Mack applied to be appointed temporary guardian of Stokley's person and estate. *Id.* at 706. After the probate court granted a permanent injunction and appointed Mack to be Stockey's guardian, Gromer filed a notice of removal, removing the matter to federal court. *Id*. at 707. The parties disputed whether Gromer had adequate notice of the orders and injunctions and whether Gromer had sufficient opportunity to present her arguments in the hearings determining Mack's requests for injunctive relief and motion for sanctions. *Id*. Concluding the court lacked subject matter jurisdiction and that removal was objectively unreasonable, the court granted the motion to remand and awarded relief under 28 U.S.C. § 1447(c). *Id*. at 706.

The *Gromer* court noted the question of removal jurisdiction must be determined by reference to the "well-pleaded complaint." *Id.* at 708. The court then noted probate matters have traditionally been governed by the individual states, and the "statutory probate courts of Texas are

specialized courts determined by the Texas Legislature to have original and exclusive jurisdiction over their designated counties' probate matters." *Id*. at 710. The court concluded as follows:

> In sum, the court concludes that it does not have federal-question jurisdiction over this case because it would not have had subject matter jurisdiction over the state guardianship application had it been filed initially in this court. The constitutional due process violations alleged in Gromer's notice of removal are challenges to the probate court's adjudication of the proceeding before it, not claims that Mack is asserting. The state guardianship application does not 'necessarily raise' a 'federal' issue, the constitutional due process violations alleged in the notice of removal are not actually in dispute in the guardianship application, and permitting state guardianship actions to be heard in a federal court would unbalance the respective roles of the federal and state courts, as defined by Congress. Therefore, the court grants Mack's motion to remand.

*Id*. at 711.

In rejecting the premise that a state-law guardianship proceeding necessarily raises a federal question, the court did not foreclose the possibility that a federal court could exercise subject matter jurisdiction over a guardianship case that presented a federal question, or in a diversity jurisdiction case where no exception applied. *Id*. at 710 n. 5 (citing *Turton v. Turton,* 644 F.2d 344, 347 (5th Cir. Unit A Apr.1981) (acknowledging that "[a]s a general matter a diversity court has jurisdiction to entertain any civil action that could be brought in a state court," but mindful of limits imposed by probate exception)). The *Gromer* court noted the probate exception precludes federal courts from "endeavoring to dispose of property that is in the custody of a state probate court," and held the dispute was over precisely the *res* that was before the county probate court in the removed guardianship proceeding. *Gromer*, 799 F.Supp.2d at 710 n. 5 (quoting *Marshall*, 547 U.S. at 312).

Similarly here, the removing heirs do not maintain that a probate application governed by Texas state law could have been filed initially in a federal district court. Nor do the removing heirs cite any authority to show federal question jurisdiction has been conferred over this probate

15

proceeding based on the "mere potential that the adjudication of such a proceeding could give rise to a federal question claim." *Gromer*, 799 F. Supp. 2d at 711. As noted by the Magistrate Judge, the Application for Independent Administration and Letters of Administration Pursuant to Section 401.003 of the Texas Estate Code filed by Applicant does not state on its face the federal issue of a violation of due process rights under the United States Constitution. (Dkt. No. 7 at 8) ("The removing heirs' claims that arise under federal law are outside the Application filed in the County Court at Law and cannot be considered in determining whether federal question jurisdiction exists.").

"Indeed, the alleged procedural due process violations that serve as the predicates for removability occurred *during* the course of the [state court] proceeding, meaning that any violation of [the removing heirs'] right to procedural due process could not have been stated as part of [the Application] initiating the probate court matter. . . ." *Gromer*, 799 F.Supp.2d at 709 (emphasis in original). "The constitutional due process violations alleged in [the removing heirs'] [N]otice of [R]emoval are challenges to the probate court's adjudication of the proceeding before it, not claims that [Applicant] is asserting." *Id*. at 711. Similar to the *Gromer* court, in addition to the limits imposed by the probate exception, the Court finds it does not have federal question jurisdiction over this case because it would not have had subject matter jurisdiction over the probate application had it been filed initially in this Court. *Id.*

### *Whether there is diversity jurisdiction over this removed probate matter*

The removing heirs also claim the Court has diversity jurisdiction over this matter. This argument is also without merit. Putting aside the representations made by Demetra Wysinger that she is a citizen of Arkansas rather than Texas, Vetrano Jefferson, one of the removing heirs, is admittedly a citizen of Texas. "For a party to remove a case to federal court based on diversity

16

jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014); *see also Wallington v. Essex Ins. Co.*, No. CIV.A.98-1100, 1998 WL 273118, * 1 (E.D. La. May 26, 1998); *see also Petrop v. Lassen Art Publications, Inc.*, 939 F. Supp. 742, 744 (D. Haw. 1995) (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723, p. 312 (1985) ("The purpose of requiring diversity to exist at both times apparently is to prevent a nondiverse defendant from acquiring a new domicile after commencement of the state suit and then removing on the basis of the newly created diversity of citizenship."). Even though Vetrano Jefferson has since moved to be dismissed from this case, he remained a "removing heir" at the time removal was accomplished. Thus, at the time of removal, complete diversity of citizenship was lacking. The removing heirs' assertions to the contrary are without merit.

**The probate exception**

Again, notwithstanding whether there is alleged federal question or diversity jurisdiction, the "probate exception" provides a "mandatory basis" for remand as discussed at length by the Magistrate Judge. *Benson v. Benson*, No. 5:15-CV-202-DAE, 2015 WL 3622335, at *8 (W.D. Tex. June 9, 2015). The probate exception is a judicially created limitation on federal court subject matter jurisdiction that prohibits a federal court from probating a will or administering an estate, or entertaining an action that would "interfere" with pending probate proceedings in a state court or controlling property in the custody of a probate court. *Lemery v. Ford Motor Co.*, 205 F. Supp. 2d 710, 712 (S.D. Tex. 2002) (citing *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Breaux v. Dilsaver,* 254 F.3d 533, 536 (5th Cir. 2001)).

In determining whether a suit in federal court "interferes" with state probate proceedings, the Court considers whether the plaintiff's claim "implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Breaux*, 254 F.3d at 536 (quoting *Blakeney v. Blakeney,* 664 F.2d 433, 434 (5th Cir.1981), citing *Akin v. Louisiana National Bank,* 322 F.2d 749 (5th Cir.1963)). "An exception to the general rule that federal courts are without jurisdiction to entertain matters affecting probate proceedings . . . exists where a state by statute or custom gives parties a right to bring an action in courts of general jurisdiction." *Moore* v. *Lindsey*, 662 F.2d 354, 361 (5th Cir. 1981).

To determine whether the probate exception deprives a federal court of jurisdiction, courts consider the following two-step inquiry: (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. *Marshall*, 547 U.S. at 311-12. If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). "As a threshold matter, the probate exception only applies if the dispute concerns property within the custody of a state court." *Id.* "The federal court cannot exercise *in rem* jurisdiction over a *res* in the custody of another court." *Id*. Thus, unless the federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of a probate court, the probate exception to federal court's diversity jurisdiction does not apply. 32A Am. Jur. 2d Federal Courts § 751.

According to Applicant, a dependent administrator has been appointed, and all funds of the estate have been ordered to be deposited into the registry of the Bowie County Court at Law. (Dkt.

No. 16 at 4). Among other things, the removing heirs ask that Demetra Wysinger be appointed the administrator of the estate "in the interest of justice and fair play so that the affairs of the estate may be settled." (Dkt. No. 14 at 2). As held by the Magistrate Judge, the probate exception prevents this federal court from interfering with an open state probate proceeding or from assuming general jurisdiction of the probate or control of the property in the custody of the state court.

**Conclusion**

The Court, having reviewed the relevant briefing, the Report and Recommendation, the removing heirs' objections, and the response to the objections, finds the removing heirs' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-referenced cause of action is **REMANDED** to the County Court at Law of Bowie County, Texas.

**So Ordered this**
**Mar 27, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE